# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNY HEU,<br><br>    Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:19-cv-00083-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER THAT CLERK'S OFFICE ASSIGN CASE TO A DISTRICT JUDGE |

Petitioner Johny Heu, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. Petitioner filed using a California state form. ECF No. 1. Because petitioner challenges the state trial court's imposition of fines and restitution, I construe his petition as filed under 28 U.S.C. § 2254, the exclusive means for a state prisoner to challenge the constitutionality of his sentence in federal court. *See Greenawalt v. Stewart*, 105 F.3d 1287 (9th Cir. 1997). The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th

Cir. 1998). I recommend that the court dismiss the petition without prejudice for lack of jurisdiction.

This court lacks jurisdiction over Section 2254 claims that do not "call into question the lawfulness of conviction or confinement or challenge the fact, length, or conditions of the petitioner's custody or seek immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481-83 (1994). To be cognizable, the petitioner must assert that he is "in custody in violation of the Constitution or law or treaties of the United States," 28 U.S.C. § 2254(d), which requires the petitioner to allege a connection between a claimed violation and custody, *see Bailey v. Hill*, 559 F.39 976, 978-80 (9th Cir. 2010). Habeas claims are only proper when seeking a "remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). Section 2254 claims challenging fines and restitution alone, without challenging custody, are not cognizable. *Bailey* at 984 (holding that courts "do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order"). Here, petitioner's sole claim is that the trial court improperly imposed fines and restitution without determining his ability to pay, in violation of state and federal laws. ECF No. 1 at 3. Because petitioner's claim challenges only a restitution order and fine, rather than more severe restraints on liberty, his claim is not cognizable and should be dismissed without prejudice.

I recommend that the court not issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The

petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.  I find that reasonable jurists would neither disagree with my conclusion nor find that petitioner should be encouraged to proceed further.

**Order**

The clerk of court is directed to assign this case to a U.S. District Court Judge who will review the following findings and recommendations.

**Findings and Recommendations**

I recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   November 7, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.

3